IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PAMELA HALL,                              :

            Plaintiff,                    :   Case No. 3:09cv391

      vs.                                 :   JUDGE WALTER HERBERT RICE

COMMISSIONER OF SOCIAL SECURITY,  :

            Defendant.                    :

---

DECISION AND ENTRY REJECTING REPORT AND RECOMMENDATIONS
OF UNITED STATES MAGISTRATE JUDGE (DOC. #14) IN THEIR
ENTIRETY; PLAINTIFF'S OBJECTIONS TO SAID JUDICIAL FILING (DOC.
#15) SUSTAINED; JUDGMENT TO BE ENTERED IN FAVOR OF PLAINTIFF
AND AGAINST DEFENDANT COMMISSIONER, VACATING
COMMISSIONER'S DECISION THAT PLAINTIFF WAS NOT DISABLED
AND, THEREFORE, NOT ENTITLED TO BENEFITS UNDER THE SOCIAL
SECURITY ACT, AND REMANDING THE CAPTIONED CAUSE TO THE
DEFENDANT COMMISSIONER FOR THE PAYMENT OF BENEFITS
CONSISTENT WITH THE SOCIAL SECURITY ACT; TERMINATION ENTRY

---

      Plaintiff has brought this action pursuant to 42 U.S.C. § 405(g) to review a

decision of the Defendant Commissioner denying Plaintiff's application for Social

Security disability benefits.  On October 20, 2010, the United States Magistrate

Judge filed a Report and Recommendations (Doc. #14), recommending that the

Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled

to benefits under the Social Security Act be affirmed.  Based upon reasoning and

citations of authority set forth in the Plaintiff's Objections to said judicial filing

(Doc. #15), as well as upon a thorough de novo review of this Court's file, including the Administrative Transcript (filed with Defendant's Answer at Doc. #6), and a thorough review of the applicable law, this Court rejects the aforesaid Report and Recommendations in their entirety and, in so doing, orders the entry of judgment in favor of the Plaintiff and against the Defendant Commissioner, vacating the Commissioner's decision of non-disability and remanding the captioned cause to the Defendant Commissioner for the payment of benefits consistent with the Social Security Act, this Court having concluded that the Commissioner's decision that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act was not supported by substantial evidence.  The Plaintiff's Objections to said judicial filing (Doc. #15) are sustained.  Accordingly, the decision of the Defendant Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits under the Social Security Act is vacated, and the captioned cause ordered remanded to the Defendant Commissioner for the payment of benefits consistent with the Social Security Act.

In reviewing the Commissioner's decision, the Magistrate's task is to determine if that decision is supported by "substantial evidence."  42 U.S.C. § 405(g).  Under 28 U.S.C. § 636(b)(1)(C), this Court, upon objections being made to the Magistrate Judge's Report and Recommendations, is required to make a de novo review of those recommendations of the report to which objection is made. This de novo review, in turn, requires this Court to re-examine all the relevant

evidence, previously reviewed by the Magistrate, to determine whether the findings

of the Secretary [now Commissioner] are supported by "substantial evidence."

Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir.

1983); Gibson v. Secretary of Health, Education and Welfare, 678 F.2d 653, 654

(6th Cir. 1982).  This Court's sole function is to determine whether the record as a

whole contains substantial evidence to support the Commissioner's decision.  The

Commissioner's findings must be affirmed if they are supported by "such relevant

evidence as a reasonable mind might accept as adequate to support a conclusion."

Richardson v. Perales, 402 U.S. 389, 401 (1971), citing Consolidated Edison

Company v. NLRB, 305 U.S. 197, 229 (1938); Landsaw v. Secretary of Health and

Human Services, 803 F.2d 211, 213 (6th Cir. 1986).  Substantial evidence means

such relevant evidence as a reasonable mind might accept as adequate to support a

conclusion.  Richardson, supra, at 401; Ellis v. Schweicker, 739 F.2d 245, 248 (6th

Cir. 1984).  Substantial evidence is more than a mere scintilla, but only so much as

would be required to prevent a directed verdict (now judgment as a matter of law)

against the Commissioner if this case were being tried to a jury.  Foster v. Bowen,

853 F.2d 483, 486 (6th Cir. 1988); NLRB v. Columbian Enameling and Stamping

Company, 306 U.S. 292, 300 (1939).  To be substantial, the evidence "must do

more than create a suspicion of the existence of the fact to be established... [I]t

must be enough to justify, if the trial were to a jury, a refusal to direct a verdict

when the conclusion sought to be drawn from it is one of fact for the jury."

LeMaster v. Secretary of Health and Human Services, 802 F.2d 839, 840 (6th Cir. 1986), quoting NLRB v. Columbian Enameling and Stamping Company, supra.

In determining whether the Commissioner's findings are supported by substantial evidence, the Court must consider the record as a whole. Hephner v. Mathews, 574 F.2d 359 (6th Cir. 1978); Ellis, supra; Kirk v. Secretary of Health and Human Services, 667 F.2d 524, 536 (6th Cir. 1981); Houston v. Secretary of Health and Human Services, 736 F.2d 365 (6th Cir. 1984); Garner v. Heckler, 745 F.2d 383 (6th Cir. 1984). However, the Court may not try the case de novo, resolve conflicts in evidence or decide questions of credibility. Garner, supra. The findings of the Commissioner of Social Security and proceedings on Claimant's application for social security disability benefits are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Buxton v. Halter, Commissioner of Social Security, 246 F.3d 762 (6th Cir. 2001). If the Commissioner's decision is supported by substantial evidence, it must be affirmed, even if the Court as a trier of fact would have arrived at a different conclusion. Elkins v. Secretary of Health and Human Services, 658 F.2d 437, 439 (6th Cir. 1981).

In addition to the foregoing, in ruling as aforesaid, this Court makes the following, non-exclusive, observations:

1.    In this Court's opinion, the Defendant Commissioner erred in rejecting the findings and opinions of Plaintiff's longtime treating physician, Dr. David Apple, opinions that are amply supported by the objective and clinical findings in his longitudinal record and in the entirety of the record as a whole, as demonstrated by the administrative record (filed with Defendant's Answer at Doc. #6).  These objective and clinical findings, over a course of many years, from a myriad of treatment providers, including Dr. Apple, well support, by medically acceptable clinical and laboratory diagnostic techniques, his opinion of the Plaintiff's disability. Moreover, that opinion is not inconsistent with the other substantial evidence in the case record.  In this Court's opinion, not only did the Commissioner err by rejecting the opinion of Plaintiff's treating physician, it compounded the error by improperly relying on the opinion of the one-time examining physician, Dr. Damian Danopolous, M.D., for reasons accurately stated by the Plaintiff, in her objections to the Magistrate Judge's Report and Recommendations (Doc. #15 at 16-17).

2.    Even if one would assume, purely arguendo, that the opinion of Dr. Apple was not entitled to controlling weight, it most certainly was entitled to deference, given the longtime physician/patient relationship between Dr. Apple and the Plaintiff and the plethora of objective finding and testings upon which he based his opinion.

3.    A remand for the payment of benefits is proper in this matter, given that evidence of disability is, in this Court's opinion, overwhelming or, at the very

-5-

least, strong while evidence to the contrary is weak.   <u>Faucher v. Secretary of</u>
<u>Health and Human Services</u>, 17 F.3d 171, 176 (6th Cir. 1994).


WHEREFORE, based upon the aforesaid, this Court rejects the Report and
Recommendations of the United States Magistrate Judge (Doc. #14) in their
entirety, having concluded that the Commissioner's decision that Plaintiff was not
disabled and, therefore, not entitled to benefits under the Social Security Act was
not supported by substantial evidence.  Plaintiff's Objections to said judicial filing
(Doc. #15) are sustained.  Judgment will be ordered entered in favor of the Plaintiff
and against the Defendant Commissioner, vacating the decision of the Defendant
Commissioner that Plaintiff was not disabled and, therefore, not entitled to benefits
under the Social Security Act, and remanding the captioned cause to the Defendant
Commissioner for the payment of benefits consistent with the Social Security Act.


The captioned cause is hereby ordered terminated upon the docket records of
the United States District Court for the Southern District of Ohio, Western Division,
at Dayton.


March 31, 2011                    _____
                                  WALTER HERBERT RICE, JUDGE
                                  UNITED STATES DISTRICT COURT

Copies to:

Counsel of record